IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SERGIO L. SHAW,

          Plaintiff,

v.                                               ORDER

BRIAN NEUMAIER,                              09-cv-747-bbc

          Defendant.

---

      Plaintiff Sergio Shaw is proceeding on his Eighth Amendment claim that defendant Brian Neumaier failed to protect him from self harm. Now before the court is plaintiff's motion to compel the production of defendant's disciplinary, educational background and employment records. Defendant responds that these requests could not possibly lead to admissible evidence concerning plaintiff's claims. I am granting this motion in part and denying it in part.

      Plaintiff's claim against defendant is deliberate indifference to plaintiff's threat of suicide. To establish this claim, plaintiff must establish a subjective component of intentional or reckless disregard for plaintiff's health and safety. *See Hayes v. Snyder*, 546 F.3d 516, 523-24 (7th Cir. 2008). Plaintiff's version of events is that defendant encouraged him to attempt suicide, an assertion that, if believed by the jury, would establish the scienter element. Because defendant has denied plaintiff's allegations, any evidence of similar acts by defendant might be admissible under F.R. Ev. 404(b) to establish his intent. Therefore, evidence from defendant's personnel file is discoverable under F.R. Civ. Pro. 26(b) if it is relevant to proving defendant's intent. Such evidence would include any complaint, investigation, report, legal or disciplinary proceeding or other evidence that defendant intentionally or recklessly mistreated any inmate, staff member or civilian, or was indifferent to the medical, security or safety needs of any person. If

discoverable material exists, defendant may redact personal identifying information prior to disclosing it to plaintiff.

As for other background information in defendant's file, such as educational background and job history, this is fairly routine stuff so plaintiff is entitled to this information, but not necessarily in the form of document production. Defendant may, if he prefers, provide such information in curriculum vitae format, so long as he does not exclude or unfairly spin relevant information.

ORDER

IT IS ORDERED that plaintiff Sergio Shaw's motion to compel the production of defendant's disciplinary, and employment records, dkt. 34, is GRANTED IN PART and DENIED IN PART in the manner directed above.

Entered this 28th day of May, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge