IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SERGIO L. SHAW,

                                                                         ORDER

                 Plaintiff,

                                                         09-cv-747-bbc

      v.

BRIAN NEUMAIER,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Sergio Shaw, a prisoner in the custody of the Wisconsin Department of Corrections, is proceeding on a claim that defendant Brian Neumaier, a correctional officer, violated plaintiff's rights under the Eighth Amendment by failing to protect him from self harm. In a December 21, 2010 order, I denied defendant's motion for summary judgment. Now that this case will be proceeding to trial, I must decide whether to appoint counsel to represent plaintiff at trial. The last time plaintiff filed a case that advanced to the trial stage, I concluded that it was appropriate to appoint him counsel. Shaw v. Jahnke, No. 08-cv-245-bbc (W.D. Wis. May 8, 2009). Plaintiff's filings in this action have persuaded me that he may be unable to represent himself at trial in this case as well. In addition, plaintiff has shown that he has made reasonable efforts to find a lawyer on his own and has been unsuccessful. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992)

      Accordingly, I will stay all further proceedings in this case temporarily in order to

locate a lawyer who is willing to represent plaintiff. A lawyer accepting appointments in cases such as this take on the representation with no guarantee of compensation for his or her work. Plaintiff should be aware that in any case in which a party is represented by a lawyer, the court communicates only with counsel. Thus, once counsel is appointed, the court will no longer communicate with plaintiff directly about matters pertaining to this case. Plaintiff will be expected to communicate directly with his lawyer about any concerns and allow the lawyer to exercise his or her professional judgment to determine which matters are appropriate to bring to the court's attention and what motions and other documents are appropriate to file. Plaintiff will not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept his lawyer's strategic decisions even if he disagrees with some of them, and he should understand that it is unlikely that this court will appoint another lawyer to represent him should plaintiff choose not to work cooperatively with the first appointed lawyer.

ORDER

IT IS ORDERED that further proceedings in this case are STAYED pending appointment of counsel for plaintiff. If I find counsel willing to represent plaintiff, I will advise the parties of that fact. Soon thereafter, a status conference will be held to establish

a new schedule for this case.

Entered this 13th day of January, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge